UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN PAUL JONES | CIVIL ACTION |
| VERSUS | NO. 04-0102 |
| PRODUCTION MANAGEMENT<br>INDUSTRIES, L.L.C., AND<br>CHEVRON USA, INC. | SECTION "N" (2) |

### ORDER AND REASONS

Before the Court is the "Motion for Summary Judgment on Prescription" filed by Defendant Houma Industries, Inc. ("Houma") (Rec. Doc. No. 125-1). For the reasons stated herein, **IT IS ORDERED** that the motion is **DENIED**.

Houma alleges that, pursuant to the Outer Continental Shelf Lands Act (OCSLA), Plaintiff's claims against it are governed by Louisiana law. Houma further contends that Plaintiff's claims have prescribed under Louisiana's one-year prescriptive period. Plaintiff disagrees, arguing that his claims come within the Court's admiralty jurisdiction and that the three-year prescriptive period applicable to maritime law claims is controlling. *See* 46 U.S.C. §763a.

Here, Plaintiff, an employee of Production Management Industries, L.L.C., was assigned to do repair work aboard a Chevron platform located on the Outer Continental Shelf in the Gulf of Mexico. Before commencing welding work on the platform, Plaintiff alleges that he was directed by his Chevron supervisor to board and unload necessary equipment from the M/V Delta Runner, a supply vessel owned and/or controlled by Tidewater, Inc. The M/V Delta was positioned immediately adjacent to the Chevron platform.

Plaintiff unloaded the equipment from the M/V Delta with the assistance of a crane located on the Chevron platform. Houma Industries employee Wesley Williams operated the crane. Plaintiff alleges that he was injured during the course of these unloading operations because of the crane operator's premature snugging and lifting of a load.

The Court agrees that Plaintiff's claims satisfy the OCSLA's "but for" test and, therefore, fall within the scope of that statute. *See Recar v. CNG Producing Co.*, 853 F.2d 367 (5th Cir. 1988). When both OCSLA and admiralty jurisdiction are present, however, general maritime law, rather than state law through the OCSLA, governs. *Id.* at 369 (citing *Laredo Offshore Contractors, Inc. v. Hunt Oil Co.*, 754 F.2d 1223, 1229 (5th Cir. 1985)); *Solet v. CNG Producing Co.,* 908 F. Supp. 375 (E.D. La. 1995). At the time of the accident in question, Plaintiff was on the deck of the M/V Delta unloading equipment with the assistance of a crane operated by Houma's employee. Plaintiff was not on the vessel fortuitously, as he was there at the direction of the platform owner. Under these circumstances, the maritime location and nexus requirements for admiralty jurisdiction are satisfied. *See Hails v. Atlantic Richfield Co.*, 595 F. Supp. 948, 950-51 (W.D. La. 1984) (admiralty jurisdiction existed and general maritime law applied to platform worker's claims where he was injured on navigable waters while performing, at the platform owner's request, the traditional maritime activity of unloading a vessel); *see also Champagne v. Tetra*

*Applied Technologies, Inc.*, No. G-05-299, 2006 WL 287985 (S.D. Tex.) (Kent, J.) (distinguishing *Hails* as involving a traditional maritime activity); *Fogleman v. Tidewater Barges, Inc.*, 747 F. Supp. 348, 351-56 (E.D. La. 1990) (reaching a similar conclusion as *Hails* regarding admiralty jurisdiction). Accordingly, Plaintiff's claims against Houma are governed by a three-year prescriptive period, rather than the one-year period provided by Louisiana state law, and thus were timely filed.

New Orleans, Louisiana, this __10th__ day of July 2006.

                                                 **KURT D. ENGELHARDT**
                                                 **UNITED STATES DISTRICT JUDGE**